*CRAWFORD ET AL. vs. JEWELL.*

APPEAL FROM THE COURT OF THE FOURTH DISTRICT, THE JUDGE THEREOF PRESIDING.

Where the record shows that the testimony was taken down by the clerk.

no objection can be made to the certificate of the judge, that the record <span style="float:right">Eastern District.</span>
contains all the evidence adduced. <span style="float:right">*January* 1831.</span>

When nothing to the contrary appears, the judge is presumed to have
given his certificate on the event occurring which authorized him to give it.

If the record show that documents were *produced*, when nothing
shows they were *filed*, there is no evidence of a diminution of the record.

CRAWFORD &'AL
*vs.*
JEWELL.

This was an action for work and labour, in which the plaintiff had a verdict, and the defendant appealed.

On the trial of the cause, certain receipts were *produced*, which did not come up with the record. The clerk certified that the evidence was taken down in writing in open court, and that the record contained a true and faithful transcript of all the proceedings, as well as of the documents *filed* in the suit. This was followed by the certificate of the judge that the record contained all the evidence adduced on the trial.

*Turner*, for appellees, contended :

1. The merits cannot be gone into, as the appeal is not properly certified. *C. P. art.* 586, 896—9 *Martin N. S.* 303.

2. The record does not contain all the evidence; three receipts are mentioned as produced, and they do not appear.

3. The clerk has not certified to any evidence, but that which was taken from the mouth of the witnesses, and they do not prove the amount, but only the signature to the receipts.

4. It is a case where the judge cannot certify—he can only certify in those cases where the record contains *all;* but where the record itself shows that it has not *all,* then the certificate cannot avail.

*Morgan* and *Ogden* contra :

1. The appeal is properly certified. The testimony was taken in writing in open court, as appears from the certificate of the clerk, therefore no statement of facts was necessary and the judge could certify as he has done—*C. P. art.* 585, 586.

2. The judge, it may fairly be presumed, was not called

Eastern District
January 1831.

CRAWFORD & AL
vs.
JEWELL.

upon to certify, without an attempt, first having been made, to obtain an agreed statement of facts, and that he did not certify until convinced that his duty and the law required it.

3. The case cited by plaintiffs from 8th Martin, N. S. does not apply; because there the evidence had not been taken in writing in open court. The decision is grounded upon arts. 602 and 603 of the Code of Practice, and those articles provide for the case, "where the depositions of witnesses have not been taken in writing in the inferior court."

4. The verdict of the jury is entirely unsupported by the evidence, and the motion for a new trial ought to have prevailed. *Weathersby vs. Latham; 7 Martin, N. S. 310, Belden et al vs. Rose; 8 Martin, N. S. 167.*

*Porter J.* delivered the opinion of the court.

This action is brought for work and labour done by the plaintiffs for the defendant. The sum claimed is $ 1,100.

The defendant pleads, that the work was not finished within the time specified in the contract: that it was unskilfully executed : that she was compelled to employ other workmen to complete the building : that she has paid $585 on account : that by the plaintiffs neglect she could not commence making sugar at the proper season, and lost part of her crop. She alleges her damages to amount to $2057 50 cents, and reconvenes the plaintiffs for the sum.

The cause was submitted to a jury, who found against the defendant for $ 291 12 cents. She made an unsuccessful attempt to obtain a new trial, and appealed.

There are one or two bills of exceptions on record, which we have considered as abandoned, no notice having been taken of them in the points filed, or observations addressed to the court.

The appellees insist that the merits cannot be inquired into in this court, as the record has not been properly certified.

It is certified by the judge to contain all the evidence ad-

*Where the record shows that the testimony was taken down by the clerk, no objection can be made to the certificate of the judge that the record contains all*

duced on the trial of the cause. And the record shews that the testimony was taken down in open court by the clerk, during the trial. This we think a sufficient compliance with the provisions of our law on this subject. *Code of Practice,* 601, 603.

Eastern District,
*January* 1831.

CRAWFORD &AL
*vs.*
JEWELL.

When nothing to the contrary appears, the judge is presumed to have given his certificate on the event occurring which authorised him to give it.

But it is said, the judge can only give a certificate when the transcript contains *all* the evidence, and that, from an examination of the record, it will be perceived that part of the proof given on the trial does not come up.

If this were true, it might afford grounds for correcting the error, and supplying the deficiency, but none for holding the judge incapable of certifying. His certificate is one of the means given by law to enable this court to know whether *all* the evidence is sent up, and an error in the exercise of a power, offers no argument against that power being conferred. The receipts, which it is urged are wanting to make the record complete, are stated to have been produced on the trial. This is true, but although the statement says they were *produced,* nothing shews they were *filed,* consequently we have no evidence before us there is a diminution of the record.

On the merits, we are contrained to state, that the proof adduced by the parties, has brought us to a conclusion so entirely different from that of the jury and the court below, that we must remand this cause for a new trial.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be reversed and annulled; that the case be remanded to be proceeded in according to law, and that the appellees pay the costs of this appeal.

the evidence adduced.

When nothing to the contrary appears the judge is presumed to have given his certificate on the event occurring which authorised him to give it.

If the record show that documents were produced when nothing shows they were filed, there is no evidence of a diminution of the record.